**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KESCHENA PHOTO,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-24-0747-I-1 |
| 　　　v. | |
| U.S. POSTAL SERVICE,<br>　　　　　Agency. | DATE:  March 13, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Lorenzo Cobb, Sr., Esquire, Sugarhill, Georgia, for the appellant.

Roderick Eves and Ayana Bowman, Esquire, St. Louis, Missouri,
　　for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed by 1 day without good cause shown.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was removed from Federal service, effective September 9, 2023.  Initial Appeal File (IAF), Tab 1 at 3, 11.  She filed an equal employment opportunity complaint challenging her removal in September 2023.  IAF, Tab 8 at 3, 22.  On June 24, 2024, the agency issued a final agency decision (FAD) notifying the appellant of her right to appeal to the Board, which she received on June 27 or 28, 2024.  IAF, Tab 6 at 45, Tab 8 at 4, 22-25, Tab 9 at 2-6, 12.  The FAD notified the appellant that any Board appeal was due no later than 30 days after receipt of the decision.  IAF, Tab 9 at 5.

Counsel for the appellant asserts that, on July 24, 2024, he unsuccessfully attempted to file a Board appeal using the Board's electronic system, eAppeal.  IAF, Tab 8 at 4.  Thereafter, on July 24 and 25, 2024, he attempted to send her appeal to the Atlanta Regional Office using the facsimile number provided with the FAD.[2]  *Id.*; IAF, Tab 9 at 15-18, 24.  The transmissions were unsuccessful.  IAF, Tab 8 at 4, Tab 9 at 15-18, 24.  Counsel for the appellant asserts that he called the regional office to explain his filing difficulties and that the staff provided him with an alternate facsimile number.  IAF, Tab 8 at 4.

On July 29, 2024, counsel for the appellant successfully transmitted the initial appeal to the alternate facsimile number provided by the regional office.  *Id.*; IAF, Tab 9 at 20-21, 24.  The cover sheet to the facsimile erroneously contained the name of a different appellant in the subject line.  IAF, Tab 9 at 20-21.  Below the subject line, the cover sheet contained the following text: "Attached please find Ms. Photo's Appeal in above referenced matter.  I was unable on 7/24/24 to create her file electronically.  I would input information, and the system would crash.  I am therefore faxing her appeal."  *Id.* at 20.  According to the appellant's counsel, a representative from the regional office contacted him on July 30, 2024, and notified him that the cover sheet contained an erroneous

---

[2] The same fax number is listed in Appendix B to the Board's Initial Appeal Form, MSPB Form 185.  IAF, Tab 9 at 11.

name in the subject line. IAF, Tab 8 at 5. The representative purportedly instructed the appellant's counsel to send a new appeal with a corrected cover page. *Id.* According to the appellant's counsel, he was "assured [that] the July 29, 2024 receipt date of the original document would be considered for filing purposes for that particular document." *Id.* On July 30, 2024, the appellant's counsel again sent a copy of the appellant's initial appeal to the regional office by facsimile with a corrected cover sheet. *Id.*; IAF, Tab 9 at 23-24. The cover sheet contained the following text: "Attached please find Ms. Photo's Appeal in above referenced matter. This is replacing the document sent on July 29, 2024 with an erroneous title." IAF, Tab 9 at 23. The regional office docketed the appeal reflecting a filing date of July 30, 2024. IAF, Tab 1. The corrected facsimile cover sheet, which references the July 29 filing, is included in the docket. *Id.* at 1.

On August 12, 2024, the administrative judge issued an order explaining that the appeal appeared to be untimely and ordering the appellant to submit evidence and argument demonstrating the timeliness of her appeal or good cause for her delayed filing no later than August 22, 2024. IAF, Tab 4. The appellant submitted her response by facsimile on the deadline. Petition for Review (PFR) File, Tab 1 at 81-89. However, the response was not uploaded to the docket. Rather, on August 26, 2024, the regional office sent an email to the appellant's counsel confirming receipt of three facsimiles and expressing confusion as to the correct order of the documents. *Id.* at 91-93. The email instructed the appellant's counsel to upload the documents to eAppeal or to "resend in an order that can easily be determined." *Id.* at 91.

Several things happened on September 4, 2024. First, the administrative judge issued an initial decision dismissing the appeal as untimely. IAF, Tab 7, Initial Decision (ID). The administrative judge found that the appeal was due by July 29 and was filed on July 30—one day late—and further found that the appellant, having not responded to his order on timeliness, did not establish good

cause for her late filing. ID at 2-4. Also, on September 4, the appellant resubmitted her response to the administrative judge's order on timeliness by facsimile. PFR File, Tab 1 at 95-96. The response was then uploaded to the docket, reflecting a filing date of September 4, 2024. IAF, Tabs 8-9.

The appellant has filed a timely petition for review of the initial decision and the agency has filed a response in opposition. PFR File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant who was subjected to an action that is appealable to the Board and who filed a timely formal discrimination complaint with the agency may file a Board appeal within 30 days after receipt of a FAD on the complaint. 5 C.F.R. § 1201.154(b). In this case, the appellant received the FAD on June 27 or 28, 2024, making her Board appeal due no later than Monday, July 29, 2024.[3] *See* 5 C.F.R. § 1201.23 (providing that, if a deadline falls on a weekend, the deadline will be extended to the next workday). The record evidence supports a finding that the appeal was timely filed on July 29, 2024. IAF, Tab 1 at 1, Tab 8 at 4, Tab 9 at 20-21, 24.[4] Accordingly, we grant the appellant's petition for review and reverse the initial decision. We remand this appeal to the regional office for adjudication on the merits.

---

[3] The deadline is the same regardless of whether the appellant received the FAD on June 27 or 28, 2024.

[4] To the extent the agency objects to the consideration of the appellant's response to the administrative judge's timeliness order because it was docketed after the issuance of the initial decision, IAF, Tabs 8-9, we find that the appellant has proved that her pleading was timely filed in accordance with the administrative judge's order, PFR File, Tab 1 at 81-89.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.